# UNITED STATES DISTRICT COURT
for the

Eastern District of Oklahoma

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| WESLEY LAMOND GAGE ) | Case No: CR-02-00052-001-JHP |
| ) | USM No: 04007-063 |
| Date of Previous Judgment: February 14, 2003 ) | Barry Derryberry |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
■ DENIED ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
**Previous Offense Level:** 33  **Amended Offense Level:** 31
**Criminal History Category:** II  **Criminal History Category:** II
**Previous Guideline Range:** 151 to 188 months  **Amended Guideline Range:** 121 to 151 months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain): The sentences previously imposed in this case (120 months on each of Counts 1 and 3) were the result of a binding plea agreement, pursuant to Rule 11(e)(1)(C), now Rule 11(c)(1)(C), of the Federal Rules of Criminal Procedure. The Court accepted this plea agreement finding that the sentence agreed upon by the parties did not undermine the statutory purposes of sentencing.

**III. ADDITIONAL COMMENTS**
The Court has taken into consideration the defendant's motion for a reduction in this sentence based upon the Sentencing Guideline amendment to the "crack" cocaine guidelines. The sentence originally imposed pursuant to the plea agreement in this case, still falls below the amended guideline sentencing range determined by application of this amendment. The Court finds that the defendant entered into a binding plea agreement to a term of imprisonment of 120 months on each count to run concurrently. The Court further finds that this sentence is below the amended guideline range and is reasonable and sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Except as provided above, all provisions of the judgment dated **February 14, 2003** shall remain in effect.
**IT IS SO ORDERED.**

**Order Date:** 7/21/08

**Effective** _____
(if different from order date)

James H. Payne
United States District Judge
Eastern District of Oklahoma