**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WESLEY LAMOND GAGE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-10-092-JHP |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Transfer Center in Oklahoma City, OK. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-02-52-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. CR-02-52-JHP. The records reflect Petitioner was named in a five-count indictment charging him with Counts I, II, IV and V: Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and Count III: Maintaining a Place for the Purpose of Manufacturing, Distributing and Using Cocaine in violation of 21 U.S.C. § 856(a)(1) and 856(a)(2) and 18 U.S.C. § 2. On October 25, 2002, Petitioner appeared before United States Magistrate Judge Kimberly E. West and waived jury

trial and, pursuant to a written plea agreement, entered a guilty plea to Counts 1 & 3 of the Indictment and was found guilty of Counts 1 and 3.

On February 14, 2003, Petitioner was sentenced, pursuant to a Rule 11(e)(1)(C) agreement, to a term of 120 months on each of Counts 1 and 3, said sentences to run concurrently. Following release from confinement, Petitioner was ordered to serve a term of supervised release of 48 months on each of Counts 1 and 3, said terms of supervised release to run concurrently. Petitioner was also ordered to pay a special assessment of $100 on each of Counts 1 and 3 for a total assessment of $200. The Judgment was filed of record on February 20, 2003. *See*, Case No. CR-02-52, Doc. 71.

Following his conviction, Petitioner filed a direct appeal. Petitioner subsequently sought leave to dismiss his appeal and his request was granted on July 7, 2003. *Id.*, at Doc. 78.

Thereafter, Petitioner filed a motion seeking reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). *Id.*, at Doc. 92. On July 21, 2008, this Court denied the motion. Petitioner appealed and the Tenth Circuit in remanding the case to this Court agreed that the plea agreement barred relief, but held the motion should have been dismissed on the merits. *United States v. Gage*, 315 Fed.Appx. 48 (10th Cir. 2009). As a result, on March 19, 2009, this Court dismissed Petitioner's § 3582 motion. *See*, Case No. CR-02-52, Doc. 106.

On March 15, 2010, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner's sole complaint is that he should receive a reduction in his sentence, pursuant to U.S.S.G. § 5K1.1, because of his substantial assistance to the United

States in the prosecution of Stacy Gage within the Northern District of Texas. *See also*, 18 U.S.C. § 3553(e).

Section 5K1.1 of the United States Sentencing Guidelines provides, in pertinent part:

**Substantial Assistance to Authorities** **(Policy Statement)**

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Both 18 U.S.C. § 3553(e) and § 5K1.1 condition the court's authority to depart from the guidelines upon the filing of a motion by the government. *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). This Court has no authority to question the government's refusal to file a § 5K1.1 motion, however, unless the refusal is based on an unconstitutional motive. *Id.*, U.S. at 185-186, S.Ct. at 1843-44. Petitioner's motion does not contain any allegation that the government's decision not to file a motion for substantial assistance was based on an unconstitutional motive. While the government denies Petitioner's allegations that he provided testimony against Stacy Gage in the Northern District of Texas, there is no question that the government has never filed a § 5K1.1 motion. Further, even if the Petitioner, in compliance with his obligations under the plea agreement, "cooperated" with the government, such cooperation without a motion by the government does not entitle Petitioner to a Rule 5K departure. Therefore, this Court finds Petitioner has failed to establish that his sentence was imposed in violation of the Constitution or laws of the United States.

Furthermore, the statute of limitations governing the filing of a motion to vacate in this case is one year from the date on which the judgment of conviction became final. 28 U.S.C. § 2255 (f)(1). Based upon the documents and pleadings in this case, this Court finds, pursuant to 28 U.S.C. § 2255, that Petitioner's judgment of conviction became final on July 7, 2003 (the day on which the Tenth Circuit granted Petitioner's motion to dismiss his direct appeal). Since Petitioner's Motion to Vacate was not filed until March 15, 2010, this Court finds it is barred by the statute of limitations.

Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied and this Court declines, pursuant to 28 U.S.C. § 2253(2), to issue a certificate of appealability.

It is so ordered on this __3rd__ day of May, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma